# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 31, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

133525

RUBYE BAKER, Personal Representative
of the Estate of Stacey Baker,
            Plaintiff-Appellee,

v                                                                SC: 133525
                                                                 COA: 267284
                                                                 Wayne CC: 03-340451-NH
ST. JOHN HEALTH SYSTEMS, a/k/a
ST. JOHN HOSPITAL AND MEDICAL
CENTER, DR. THERESE ROTH, and
DR. MARSON MA, JR.,
            Defendants-Appellants.

_____/

On order of the Court, the application for leave to appeal the January 23, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

MARKMAN, J. (*concurring*).

The trial court granted defendants' motion for summary disposition, but the Court of Appeals reversed. MCL 600.2912a(2) provides, in pertinent part, "In an action alleging medical malpractice, the plaintiff cannot recover for loss of an opportunity to survive or an opportunity to achieve a better result unless the opportunity was greater than 50%." We recently addressed this provision with some considerable lack of consensus in *Stone v Williamson,* 482 Mich 144 (2008). Given their decisions in *Stone,* I believe it is clear that my six colleagues would either conclude that this is not a lost opportunity cause of action, or, if it is, that plaintiff has satisfied the § 2912a(2) requirement. For that reason, I concur in the denial order, even though I would reverse had my position in *Stone* prevailed.

Plaintiff's expert testified that the decedent's premalpractice chance of survival was 51% and her postmalpractice chance of survival was "5% or less." I believe that this

is a lost opportunity cause of action because "it is possible that the bad outcome would have occurred even if the patient had received proper treatment." *Stone, supra* at 218 (Markman, J., concurring in the result only). Further, utilizing the formula described in my opinion in *Stone,* plaintiff would only satisfy the § 2912a requirement if the decedent's postmalpractice chance of surviving was 1% or less. If her postmalpractice chance was 5%, as plaintiff's expert admitted that it might have been, plaintiff would not satisfy the § 2912a requirement. Because plaintiff has the burden of demonstrating that the § 2912a requirement is satisfied, and she has not done so here, I would reverse. However, because my interpretation of § 2912a did not carry the day in *Stone,* I accede to the denial order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

d1028

_____
Clerk